United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JACQUELINE WATTS, et al.,

    Plaintiffs,

v.

ROSEMARY PHEIFFER, et al.,

    Defendants.

No. C-09-02696 EDL

**ORDER GRANTING PLAINTIFFS' APPLICATION TO PROCEED IN FORMA PAUPERIS, DISMISSING CASE WITHOUT PREJUDICE; AND DENYING AS MOOT PLAINTIFFS' REMAINING MOTIONS**

    Plaintiffs Jacqueline Watts and Inez Thompson filed their complaint on June 17, 2009, and the next day filed an application to proceed in forma pauperis.[1] On June 22, 2009, this case was reassigned to this Court. On July 6, 2009, Plaintiffs consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c).[2] On July 8, 2009, Plaintiffs filed a "Motion to Request No Harassment Order, and a No Contact Order and a Protective Order and a No Surveillance Order." On July 8, 2009, Plaintiffs also filed a "Motion to Request an ADR Unit," seeking a referral to the Court's ADR Department. On July 10, 2009, Plaintiffs filed a "Motion to Request for a Pro Bono Federal Court Lawyer."

    For the reasons set forth below, the Court grants Plaintiffs' application to proceed in forma pauperis, dismisses Plaintiffs' complaint without prejudice, and denies as moot Plaintiffs' "Motion

---

[1] This is one of six cases filed by Plaintiffs between June 17 and July 16, 2009 that appear to relate to the same underlying events: C-09-2690 HRL; C-09-2696 EDL; C-09-2719 RMW; C-09-2720 JF; C-09-3099 HRL; and C-09-3241 HRL.

[2] To the extent that this order is dispositive, the Court does not require the consent of Defendants because Defendants have not been served and therefore are not parties under the meaning of 28 U.S.C. § 636(c). See Ornelas v. De Frantz, 2000 WL 973684, *2, n.2 (N.D. Cal. 2000) (citing Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995) (magistrate judge had jurisdiction to dismiss prisoner's civil rights action without consent of the defendants because the defendants had not been served yet and therefore were not parties)).

to Request for a Pro Bono Federal Court Lawyer," "Motion to Request No Harassment Order, and a No Contact Order and a Protective Order and a No Surveillance Order" and "Motion to Request an ADR Unit."

Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." In reviewing an application to proceed in forma pauperis, the court may dismiss a case sua sponte if the court determines that the party applying for in forma pauperis status has filed a frivolous action. 28 U.S.C. § 1915(e)(2); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989). Under 28 U.S.C. § 1915, a frivolous claim is one that lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Moreover, according to Neitze, a court may dismiss an in forma pauperis complaint sua sponte under 28 U.S.C. § 1915(d) when the claim is "fantastic or delusional. . . ." Neitze, 490 U.S. at 328. Dismissal on these grounds is often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints. Id. at 324.

Plaintiffs' application to proceed in forma pauperis adequately alleges Plaintiffs' poverty, which justifies permitting Plaintiffs to proceed with this case without payment of fees. Plaintiff Jacqueline Watts states that she has no income and is homeless. She also states that she has power of attorney for Plaintiff Inez Thompson, who is her grandmother. Therefore, Plaintiffs' application to proceed in forma pauperis is granted.

However, under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss an action that appears to be frivolous or fails to state a claim upon which relief may be granted. Here, both grounds are met. Plaintiffs' handwritten complaint is in narrative form and difficult to comprehend. Plaintiffs appear to allege that the San Mateo County Counsel placed an illegal lien on Plaintiffs' home on September 30, 2004. They also appear to allege that the San Mateo County Counsel's office engaged in fraud, grand theft and breach of contract. Plaintiffs' complaint does not provide a basis for federal jurisdiction under 28 U.S.C. § 1331 or for diversity jurisdiction under 28 U.S.C. § 1332. To the extent that Plaintiffs' claim arise under state law, they may seek to assert those claims

in state court. Moreover, Plaintiffs' complaint is too conclusory to state a cognizable claim under federal or state law against any defendant. In sum, Plaintiffs' complaint fails to include a "short and plain statement of the claim showing that the pleader is entitled to relief" as required by Federal Rule of Civil Procedure 8(a)(2). Therefore, Plaintiffs' complaint is dismissed without prejudice.

Because Plaintiffs' complaint is dismissed, the Court denies as moot Plaintiffs' "Motion to Request a Pro Bono Federal Court Lawyer," "Motion to Request No Harassment Order, and a No Contact Order and a Protective Order and a No Surveillance Order" and "Motion to Request an ADR Unit."

**IT IS SO ORDERED.**

Dated: July 31, 2009

ELIZABETH D. LAPORTE
United States Magistrate Judge